IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STABLE STEP, LLC<br>8930 Global Way<br>West Chester, Ohio  45069<br><br>         Plaintiff<br><br>v.<br><br>FOOT CARE STORE, INC.,<br>    d/b/a DIA-FOOT<br>3281 Fairlane Farms Road, Suite 7<br>Wellington, Florida 33414<br><br>and<br><br>ROBERT M. GAYNOR, an individual,<br>3281 Fairland Farms Road, Suite 7<br>Wellington, Florida 33414,<br><br>         Defendants | CASE NO.: _____<br>JUDGE: _____<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DESIGN PATENT INFRINGEMENT, TRADE DRESS
INFRINGEMENT AND UNFAIR COMPETITION**

Now comes Plaintiff, Stable Step LLC ("Stable Step"), and for its Complaint for Design

Patent Infringement, Trade Dress Infringement and Unfair Competition against Defendants, Foot

Care Store, Inc., d/b/a Dia-Foot ("Foot Care Store"), and Robert M. Gaynor ("Gaynor"), states as

follows:

1

## PARTIES

1. Plaintiff Stable Step LLC ("Stable Step") is an Ohio limited liability company having its principal place of business at 8930 Global Way in West Chester, Ohio 45069.

2. Upon information and belief, Defendant Foot Care Store, Inc. ("Foot Care Store") is a Florida Corporation having its principal place of business at 3281 Fairlane Farms Road, Suite 7, Wellington, County of Palm Beach, State of Florida, 33414.

3. Upon information and belief, Foot Care Store also does business under the fictitious name "Dia-Foot."

4. Upon information and belief, Defendant Robert M. Gaynor ("Gaynor") is the President of Foot Care Store, and has individually engaged in and is the moving, active, conscious force behind the conduct complained of herein.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, more particularly, 35 U.S.C. §§ 271, 281, 282, 283, 284 and 285; and the trademark laws of the United States, more particularly, 15 U.S.C. § 1125(a).

6. This Court has subject matter jurisdiction by virtue of 28 U.S.C. §§ 1331 (federal question) and 1338(a) (original jurisdiction relating to patents).

7. On information and belief, this Court has personal jurisdiction over each of the Defendants. Foot Care Store, a/k/a Dia-Foot, is a Florida corporation, organized and existing under the laws of the State of Florida, and has its principal place of business in the State of Florida. Moreover, Foot Care Store has conducted and does conduct business within the State of Florida. Foot Care Store offers for sale, sells, and advertises its

products in the United States, the State of Florida, and the Southern District of Florida. On information and belief, Defendant Robert Gaynor resides in the State of Florida. Robert Gaynor operates, conducts and/or engages in business in this state. Both Defendants, Foot Care Store and Gaynor, have committed the torts of patent infringement, trade dress infringement and unfair competition within the State of Florida. Each of the Defendants is engaging in substantial and not isolated activity within the State of Florida.

8. Venue is proper under 28 U.S.C. § 1400(b), as Foot Care Store is incorporated in the State of Florida, and has both committed infringing acts and has a regular and established place of business within the district. Venue is also proper under 28. U.S.C. § 1391(b)(1) because at least one of the Defendants resides in this district and all of the Defendants reside within the state. Venue is further proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims alleged herein occurred within the district.

## GENERAL ALLEGATIONS

9. Plaintiff Stable Step is and, since 1992, through its predecessors-in-interest, has been engaged in the business of manufacturing, distributing, offering for sale and selling throughout the United States, products for preventing and relieving common foot problems, including orthotic shoe inserts.

10. Stable Step sells its orthotic shoe inserts through its website, on Amazon, through physicians, authorized retailers and Amazon resellers.

11. One line of orthotic insoles offered by Stable Step is its Powerstep® line. One of the styles of Stable Step's Powerstep® fashion orthotics is the Slenderfit® design. Since

March of 2013, Stable Step has offered for sale and presently offers for sale the Slenderfit® fashion orthotic shoe inserts within the Powerstep® line.

12. The Powerstep® Slenderfit® packaging is distinctive and is recognized by consumers.



Composite Exhibit 1a, Powerstep Slender Fit Packaging, Packaging Slip and Photograph of Orthotic Shoe Inserts

13. Upon information and belief, Foot Care Store is engaged in the business of importing, distributing, offering for sale and selling foot care products, including most recently, a "Professional Dress Orthotic" under the trademark "Pure Stride®".



Composite Exhibit 2a Pure Stride Packaging and Product

14. The design of Stable Step's orthotic offered under the Slenderfit® name is subject of two U.S. Design Patents.

15. On or about November 25, 2014, United States Letters Patent No. D718,025 ("the '025 Patent") was duly and lawfully issued to Stable Step as assignee of Jeffrey L. Wert and Cory W. Remington, for the ornamental design for an insole as shown and described therein. A copy of the '025 Patent is attached as Exhibit 3.

16. On or about February 2, 2016, United States Letters Patent No. D748,387 ("the '387 Patent") was duly and lawfully issued to Stable Step as assignee of Jeffrey L. Wert and Cory W. Remington, for the ornamental design for an insole as shown and described therein. A copy of the '387 Patent is attached as Exhibit 4. The '387 Patent issued as a continuation-in-part of the '025 Patent.

17. Stable Step is commercially exploiting its inventions by selling and distributing Powerstep® Slender Fit® Fashion Orthotics as shown and described in Composite Exhibit 1. The patent numbers of the '025 Patent and the '387 Patent appear on the packaging as shown in Exhibit 1c.

18. Defendants are infringing the '025 Patent and the '387 Patent by importing, distributing, advertising, and selling the insole as shown and described in Composite Exhibit 2, which is substantially the same as the patented designs.

19. The insole shown and described in Composite Exhibit 2 is substantially the same design as the claimed insole of the '025 Patent, having the same overall shape and relative dimensions, the shorter length at the toes, and almost the same shape underside grip and s-shaped shell heel cradle.

 

Composite Exhibit 5 a and b, comparison photos

20. As to the '387 patent, the insole shown and described in Composite Exhibit 2 is substantially the same design as the claimed insole of the '387 patent, having almost the same shape underside grip and s-shaped shell heel cradle of the '387 patent.



Exhibit 6 comparison photo

21. The resemblances are such as to deceive an ordinary observer in accordance with the seminal case of *Gorham Co. v. White*, 81 U.S. (14 Wall.) 511, 528, 20 L.Ed. 731 (1871) criteria of infringement.

22. Upon information and belief, Defendants sell their "Professional Dress Orthotic" directly to consumers on the website http://www.dia-foot.com and through Amazon, as well as through distribution and medical professionals. (Composite Exhibit 7)

23. Plaintiff, Stable Step, also sells another line, the Pro Tech Medical Insoles, sold within its Powerstep® line, which is only available to medical professionals. When purchased through authorized channels, the product comes with a lifetime guarantee.

24. Upon information and belief, Defendants are engaged in a pattern of unfair competition against Stable Step, which includes, *inter alia*, misrepresenting the nature and qualities of Stable Step's Powerstep® products and Stable Step's commercial activities.

25. Individual Defendant Gaynor is and has been the moving, active, conscious force directing the torts of corporate Defendant Pure Stride.

## COUNT I—DESIGN PATENT INFRINGEMENT OF U.S. PATENT NO. D718,025

26. Stable Step restates and realleges Paragraphs 1 through 25 as if fully set forth herein.

27. As set forth on Composite Exhibit 2 and Composite Exhibit 5, in violation of 35 U.S.C. §271, Defendants have infringed and are currently infringing the '025 Patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, the Pure Stride "Professional Dress Orthotics," which are substantially the same as the patented design.

28. Stable Step has been, is being, and will continue to be damaged by Defendants' infringement.

29. Stable Step is entitled to recover damages sustained as a result of Defendants' infringing acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

30. Defendants' infringement is deliberate, willful, intentional and with full knowledge of the existence and validity of Stable Step's '025 Patent.

31. The infringement is injurious to Stable Step in that Defendants are importing, advertising and selling and distributing the dress orthotic insoles having substantially the same design as the design of the '025 Patent, to the customers and potential customers of Stable Step. In view of the fact that the damages Stable Step has sustained and will sustain in the future as a result of Defendants' infringement are uncertain and impossible to calculate accurately, Stable Step has no adequate remedy at law.

32. Stable Step will continue to suffer irreparable injury unless Defendants' continuing acts of infringement are enjoined by the Court.

## COUNT II—DESIGN PATENT INFRINGEMENT OF U.S. PATENT NO. D748,387

33. Stable Step restates and realleges Paragraphs 1 through 25 as if fully set forth herein.

34. As set forth on Composite Exhibit 2 and Exhibit 6, in violation of 35 U.S.C. §271, Defendants have infringed and are currently infringing the '387 Patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, the Pure Stride "Professional Dress Orthotics," which are substantially the same as the patented design.

35. Stable Step has been, is being, and will continue to be damaged by Defendants' infringement.

36. Stable Step is entitled to recover damages sustained as a result of Defendants' infringing acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

37. Defendants' infringement is deliberate, willful, intentional and with full knowledge of the existence and validity of Stable Step's '387 Patent.

38. The infringement is injurious to Stable Step in that Defendants are importing, advertising and selling and distributing the dress orthotic insoles having substantially the same design as the design of the '387 Patent, to the customers and potential customers of Stable Step. In view of the fact that the damages Stable Step has sustained and will sustain in the future as a result of Defendants' infringement are uncertain and impossible to calculate accurately, Stable Step has no adequate remedy at law.

39. Stable Step will continue to suffer irreparable injury unless Defendants' continuing acts of infringement are enjoined by the Court.

## COUNT III—TRADE DRESS INFRINGEMENT, 15 U.S.C. § 1125(a)

40. Stable Step restates and realleges Paragraphs 1 through 25 as if fully set forth herein.

41. Defendants are copying the totality of the elements of the Powerstep® Slenderfit® packaging (i.e., blue, red and white colors, foot encased in a circle on top quarter of package, and wave elements, all in conjunction with the use of the similar name "Pure Stride"), and the overall impression of the elements (i.e., through the positioning of those elements), of the packaging of the insole shown and described in Composite Exhibit 1 a and b.



Portion of Composite Exhibit 8a

42. The trade dress design of packaging of Composite Exhibit 1 is nonfunctional, is inherently distinctive, has acquired secondary meaning through advertising and sales, and serves as a source identifier.

43. Defendants' copying of the trade dress design of the packaging shown and described in Composite Exhibit 1 constitutes false designation of origin, false description, and false representation to the effect that Defendants' dress orthotic inserts are Stable Step's product or that Defendants' dress orthotic inserts are sponsored or approved by Stable Step.

44. Defendants' copying of the trade dress design of the packaging of the insole shown and described in Composite Exhibit 1 constitutes false designation of origin, false description, and false representation to the effect that Defendants are affiliated or connected or associated in some way with Stable Step.

45. Defendants are also copying the design of the insole shown and described in Composite Exhibit 1.



Composite Exhibit 8a



Portion of Composite Exhibit 8b

46. The design of the insole of Composite Exhibit 1 is ornamental, having features that are not dictated by function, have acquired secondary meaning through advertising and sales, and serve as a source identifier.

47. Defendants' copying of the ornamental design of the insole shown and described in Composite Exhibit 1 constitutes false designation of origin, false description, and false representation to the effect that Defendants' dress orthotic inserts are Stable Step's product or that Defendants' dress orthotic inserts are sponsored or approved by Stable Step.

48. Defendants' copying of the ornamental design of the insole shown and described in Composite Exhibit 1 constitutes false designation of origin, false description, and false representation to the effect that Defendants are affiliated or connected or associated in some way with Stable Step.

49. The acts and conduct of Defendants complained of violate 15 U.S.C. §1125(a).

50. Defendants, with knowledge of such falsity, have caused their product to enter into interstate commerce.

12

51. Stable Step believes that it is, or is likely to be, damaged by Defendants' use of the described false designation of origin, false description, and false representation in that the public is likely to be induced into dealing with Defendants in the mistaken belief that Defendants' dress orthotic inserts are Stable Step's product or are sponsored or approved by Stable Step, and that Defendants are affiliated or connected or associated in some way with Stable Step

52. Since the damages Stable Step has sustained, and will sustain in the future, as the result of Defendants' copying of Stable Step's ornamental design of the insole Composite Exhibit 1 are uncertain and impossible to estimate accurately, Stable Step has no adequate remedy at law.

53. Defendants' foregoing actions have caused and will continue to cause Stable Step to suffer irreparable damage to Stable Step's business, reputation, and goodwill, and to sustain substantial loss of revenues and profit, in an amount that will be proven at trial.

54. Unless enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injuries, all to Stable Step's immediate and irreparable harm. Stable Step has no adequate remedy at law.

## COUNT IV—UNFAIR COMPETITION, 15 U.S.C. § 1125(a)

55. Stable Step restates and realleges Paragraphs 1 through 25 as if fully set forth herein.
56. Stable Step sells another orthotic line within the Powerstep® line under the mark "Pro-Tech."
57. Stable Step sells its Powerstep® Pro-Tech orthotic to the consuming public only through physicians.

58. Stable Step advertises and promotes its Powerstep® Pro-Tech orthotic as only being sold through physicians and medical professionals.

59. Stable Step also advertises on its website that its warranty on the Powerstep® Pro-Tech orthotics is void unless purchased from an authorized Stable Step reseller. (Exhibit 9 webpage).

60. Upon information and belief, Defendants are purchasing Stable Step's Powerstep® Pro-Tech orthotics from the authorized physicians and selling them on eBay. (Composite Exhibit 10 a-f, eBay webpages).

61. Defendants are not an authorized Stable Step reseller.

62. Defendants do not provide any notice to consumers buying the Powerstep® Pro-Tech orthotics from them on eBay that the warranty on those products is void.

63. Because the warranty is void on the Powerstep® Pro-Tech orthotics sold by Defendants on eBay, those products, while physically genuine, differ materially from the authentic goods authorized for sale in commerce. The difference in the products bearing the same name is likely to confuse consumers and therefore impinges on Stable Step's goodwill.

64. Because the Powerstep Pro-Tech orthotics sold by Defendants on eBay differ materially from the authentic goods authorized for sale in commerce, and sales of such products bearing the same name are likely to confuse consumers, Defendants' sales are infringing sales and Defendants are infringers.

65. Upon information and belief, after buying and reselling Stable Step's Powerstep® Pro-Tech orthotics on eBay, Defendants are falsely representing to the physicians through which Stable Step sells its Powerstep® Pro-Tech orthotics that Stable Step is selling directly to consumers when it is not.

66. Defendants' acts constitute unfair competition under 15 U.S.C. § 1125(a).

67. Defendants' illegal acts are deliberate, willful, and intentional.

68. Defendants' illegal acts are injurious to Stable Step in that Defendants are distributing, advertising and selling such insoles to the customers and potential customers of Stable Step.

69. Defendants' foregoing actions, statements, and conduct have caused and will continue to cause Stable Step to suffer irreparable damage to Stable Step's business, reputation, and goodwill, and to sustain substantial loss of revenues and profit, in an amount that will be proven at trial.

70. Unless enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injuries, all to Stable Step's immediate and irreparable harm.  Stable Step has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Stable Step respectfully requests that this Court enter judgment in its favor and against Defendants on its Complaint as follows:

A.	Stable Step be adjudged the record owner of all rights, title, and interest in and to Letters Patent Nos. D718,025 and D748,387;

B.	Letters Patent Nos. D718,025 and D748,387 be adjudged to be good and valid in the law and to have been infringed by Defendants;

C.  Defendants be adjudged to have infringed Letters Patent Nos. D718,025 and D748,387.

D.	 Defendants, their officers, directors, servants, agents, employees, and attorneys be temporarily enjoined pending this action against further infringement against Letters Patent Nos. D718,025 and D748,387;

E.     Defendants, their officers, directors, servants, agents, employees, and attorneys be permanently enjoined from further infringing Stable Step's patents;

F.     Stable Step be awarded damages adequate to compensate Stable Step for the infringement but in no event less than a reasonable royalty, together with interest and costs, as provided by 35 U.S.C. §284;

G.     For its infringement of each of the patents, Stable Step be awarded Defendants' total profits, but not less than $250, as provided by 35 U.S.C. §289;

H.     The damages awarded to Stable Step be trebled as provided by 35 U.S.C. § 284 because of the willful, deliberate and intentional character of Defendants' infringement;

I.     Stable Step be awarded its attorney fees;

J.     Preliminarily and permanently enjoin Defendants, their officers, directors, servants, agents, employees, and attorneys from advertising, offering for sale, or selling the dress orthotics of Exhibit 3, which by imitation or other similarity to those of Stable Step are likely to cause confusion, mistake or cause persons to be deceived into the belief that Defendants' product is Stable Step's product or that Defendants and/or their product are authorized by Stable Step or are sponsored by Stable Step or are connected in some way with Stable Step;

K.     Preliminarily and permanently enjoin Defendants, their officers, directors, servants, agents, employees, and attorneys from using, in commerce, the packaging of Composite Exhibit 1, which by imitation or other similarity to those of Stable Step's product are likely to cause confusion, or cause mistake or cause persons to be deceived into the belief that Defendants' products are Stable Step's product or that Defendants and their products are authorized by Stable Step or are sponsored by Stable Step or are connected in some way with Stable Step;

16

L.	Preliminarily and permanently enjoin Defendants, their officers, directors, servants, agents, employees, and attorneys from advertising, offering for sale, or selling the Stable Step's Pro-Tech orthotics on eBay or otherwise, which orthotics while genuine are materially different, the same being devoid of the Stable Step warranty, therefore likely to cause confusion, or cause mistake or cause persons to be deceived, and thereby impinging on Stable Step's goodwill;

M.	All products, packaging, circulars, brochures, advertisements, and other documentation in the possession, custody, or control of Defendants, and all plates, molds, dies and other means of making the same which might, if used, violate the injunction granted, be delivered up and destroyed as the Court directs

N.	Defendants be required as provided by 15 U.S.C. §1117 to account to Stable Step for any and all profits derived by them, and all damages sustained by Stable Step, resulting from the acts of infringement and unfair competition complained of herein and costs;

O.	Award treble damages and attorney's fees as provided by 15 U.S.C. §1117; and

P.	Stable Step be awarded such other and further relief as the Court deems proper.

## JURY DEMAND

Stable Step LLC demands a jury as to all issues so triable.

Dated: December 18, 2017

>	Respectfully submitted,
>
>	/s/Robert M. Schwartz
>	Robert M. Schwartz
>	Florida Bar No. 304018
>	ROBERT M. SCHWARTZ, P.A.
>	Attorney for Plaintiff
>	STABLE STEP, LLC

17

2445 Hollywood Blvd.
Hollywood, FL 33020
Telephone: (954) 924-0707
Facsimile: (954) 924-0717
Email: litigation@patentmiami.com

and


/s/Lee Anne LeBlanc
Lee Anne LeBlanc
Florida Bar No. 985414
LAW OFFICE OF LEE ANNE LEBLANC, P.A.
Attorney for Plaintiff
STABLE STEP, LLC
1722 Sheridan Street #222
Hollywood, FL 33020
Telephone: (954) 646-1175
Facsimile: (954) 239-5769
Email: lal@theleblancfirm.com